UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leroy Leftwich, trustee of the statutory class of next of kin to Cameron Leftwich, decedent,<br><br>             Plaintiff,<br><br>v.<br><br>County of Dakota, Caleb Kocher, Kent Themmes, Cody Swanson, City of Eagan, Jennifer Wegner, Brian Rundquist, and Brian Rezny,<br><br>             Defendants. | Civ. No. 18-1144 (JNE/BRT) |
| Leroy Leftwich, trustee of the statutory class of next of kin to Cameron Leftwich, decedent,<br><br>             Plaintiff,<br><br>v.<br><br>County of Dakota, Damion Giles, Caleb Kocher, Kent Themmes, Bryan Olson, Cody Swanson, City of Eagan, Roger New, Jennifer Wegner, Brian Rundquist, Brian Rezny,<br><br>             Defendants. | Civ. No. 19-393 (JNE/BRT)<br><br>**AMENDED REPORT AND RECOMMENDATION**[*] |

---

[*] This Amended Report and Recommendation corrects the first sentence of the first paragraph to state that this case relates to the "tragic death by suicide of *Cameron* Leftwich," not Leroy Leftwich. It is identical in all other respects to the original Report and Recommendation issued on May 14, 2019. (Case No. 18-cv-1144, Doc. No. 88; Case No. 19-cv-393, Doc. No. 35.)

Aaron M. Simon, Esq., Brownson Norby, PLLC; John H. Ray, III, Esq., Ray Legal Consulting Group, P.C., counsel for Plaintiff.

Jeffrey A. Timmerman, Esq., Dakota County Attorney's Office, counsel for Defendants County of Dakota, Damion Giles, Bryan Olson, Caleb Kocher, Kent Themmes, and Cody Swanson.

Daniel P. Kurtz, Esq., League of Minnesota Cities, counsel for Defendants City of Eagan, Roger New, Jennifer Wegner, Brian Rundquist, and Brian Rezny.

---

BECKY R. THORSON, United States Magistrate Judge.

The above-captioned lawsuits are related to the tragic death by suicide of Cameron Leftwich in the Dakota County Jail on October 28, 2016. (*See* Case No. 18-cv-1144, Doc. No. 1, Compl. ("*Leftwich I*"); Case No. 19-cv-393, Doc. No. 1, Compl. ("*Leftwich II*").) Defendants move to dismiss *Leftwich II* on the grounds that it is duplicative litigation and involves impermissible claim-splitting. (*Leftwich II*, Doc. No. 11; Doc. No. 12, Defs.' Br.) This motion was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C). (*Leftwich II*, Doc. No. 27.) In *Leftwich I*, Plaintiff moves to consolidate the two actions, or in the alternative, amend the Scheduling Order in *Leftwich I* to allow Plaintiff to file the *Leftwich II* complaint in *Leftwich I*. (*Leftwich I*, Doc. No. 61.) The Court held a hearing on these motions on April 22, 2019. (*Leftwich I*, Doc. No. 83; *Leftwich II*, Doc. No. 34.)

For the reasons stated below, this Court recommends that Defendants' motion to dismiss be granted, and that Plaintiff's motion to consolidate be denied.

2

## I. Background

### A. *Leftwich I*

Plaintiff filed *Leftwich I* on April 27, 2018. (*See Leftwich I*, Compl.) Plaintiff sued two groups of Defendants: the City of Eagan, Brian Rezny, Brian Rundquist, and Jennifer Wegner ("the City Defendants"); and County of Dakota, Caleb Kocher, Cody Swanson, and Kent Themmes ("the County Defendants"). In *Leftwich I*, Plaintiff brings deliberate-indifference claims against all Defendants under 42 U.S.C. § 1983; failure-to-train claims against Defendants City of Eagan and County of Dakota under § 1983; and state-law wrongful-death claims against Defendants City of Eagan, Jennifer Wegner, County of Dakota, and Cody Swanson. (*Leftwich I*, Compl. ¶¶ 132–145.)

The Court's Pretrial Scheduling Order in *Leftwich I* established an August 27, 2018 deadline for motions seeking to join other parties, an October 29, 2018 deadline for motions seeking to amend the pleadings, and a January 2, 2019 deadline for completion of all fact discovery. (*Leftwich I*, Doc. No. 24.) On January 2, 2019, more than two months after the deadline to amend the pleadings in *Leftwich I*, Plaintiff moved to amend the Scheduling Order to extend the time to file an Amended Complaint. (*Leftwich I*, Doc. No. 30.) Plaintiff's proposed amendments included four additional customs and practices against the City of Eagan and two additional customs and practices against the County of Dakota. (*Leftwich I*, Doc. No. 30-1.) Plaintiff argued that he did not have information to form his additional claims prior to the October 29, 2018 deadline because he only learned of the new customs and practices through fact depositions that were taken in December 2018. (*See Leftwich I*, Doc. No. 30.)

The Court held a hearing on this motion on January 22, 2019. (*Leftwich I*, Doc. No. 40.) At the hearing, Plaintiff argued that he could simply file a new complaint in lieu of being granted leave to amend in *Leftwich I*. (*Leftwich I*, Doc. No. 53, 1/22/19 Hr'g Tr. 46–49.) Plaintiff's counsel stated as follows:

> Look, I don't want to be in this position unfortunately because I think that creates more work, but the statute of limitations has not expired. If I have to go rewrite, you know, everything in—in sort of line and verse, I'd rather file a new complaint, move to consolidate it, and then we still have a—an open discovery to the extent we brought other claims. It's an issue I have litigated before and won before that if the statute of limitations hasn't expired, there's nothing that prevents a new filing.

(*Id.* at 49.) At the hearing, the Court granted Plaintiff's request to file supplemental, post-hearing briefing. (*See Leftwich I*, Doc. Nos. 40, 45, 54, 60.) On April 10, 2019, the Court denied Plaintiff's motion to amend. (*Leftwich I*, Doc. No. 82.) The Court held that Plaintiff did not establish good cause to amend the Pretrial Scheduling Order because he did not act diligently in pursuing discovery to meet the amendment deadline. (*Id.* at 8–15.)

**B.**     *Leftwich II*

Meanwhile, before the Court denied Plaintiff's motion to amend in *Leftwich I*, Plaintiff filed *Leftwich II* on February 18, 2019. (*Leftwich I*, Doc. No. 1.) The Complaint in *Leftwich II* adds three new Defendants: County Defendants Damion Giles and Bryan Olson, and City Defendant Roger New. (*See id.*) The claims in *Leftwich II* mirror those in *Leftwich I*, except the *Leftwich II* Complaint also adds a deliberate-indifference claim against Olson under § 1983, failure-to-train claims against New and Giles under § 1983, state-law wrongful death claims against Rundquist, Kocher, and Themmes, and the

4

municipal liability claims against the City and County that Plaintiff attempted to add via amendment in *Leftwich I*. (*Leftwich II*, Compl. ¶¶ 208–23.)

## II. Analysis

### A. Motion to Dismiss

Defendants move to dismiss under two related principles: the "general policy that duplicative litigation in federal courts should be avoided," *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001), and the "rule against claim-splitting" that "prevents a party from pursuing two distinct lawsuits that assert claims arising out of the same operative facts." *Woodards v. Chipotle Mexican Grill, Inc.*, No. 14-cv-4181 (SRN/SER), 2015 WL 3447438, at *11 (D. Minn. May 28, 2015); *see also Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs.*, 775 F.3d 993, 1000 (8th Cir. 2014) ("It is well established that claim-splitting is discouraged. All claims must be brought together, and cannot be parsed out to be heard by different courts."); *Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) ("[W]here identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation."). "The difference between claim splitting and duplicative litigation is in name only. Both stem from the Supreme Court's instruction in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) that '[a]s between federal district courts . . . the general principle is to avoid duplicative litigation.'" *Waad v. Farmers Ins. Exch.*, No. 18-1588, --- F. App'x ----, 2019 WL 386948, at *4 (6th Cir. Jan. 30, 2019) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). In deciding whether to avoid duplicative litigation, "the determining

5

factors should be equitable in nature, giving regard to wise judicial administration." *Brewer*, 837 F.2d at 804.[1]

"Litigation is duplicative if a plaintiff attempts to litigate 'the same issue at the same time in more than one federal court.'" *Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 849 F. Supp. 2d 881, 888 (D. Minn. 2012) (quoting *Blakely v. Schlumberger Tech. Corp.*, 648 F. 3d 921, 932 (8th Cir. 2011)). Importantly, complete identity between two actions is not required. *Keupers Constr., Inc. v. State Auto Ins. Co.*, No. 15-449 (ADM/LIB), 2015 WL 4247153, at *10 (D. Minn. July 13, 2015). Causes of action brought under different legal theories in different legal cases are considered the same if they rely on a "common nucleus of operative fact" and seek "effectively the same relief . . . in both cases." *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581 (8th Cir. 2003). It is also not necessary that all the parties to both actions be identical. *Ritchie*, 849 F. Supp. 2d at 889 ("Litigation involving non-identical parties may be duplicative where the interests of non-identical parties are aligned or related.").

Here, while *Leftwich II* expands on the allegations from the Complaint in *Leftwich I*, includes different legal theories, and adds a handful of different Defendants, there can be little doubt that both cases arise from a common nucleus of operative fact:

---

[1] A motion to dismiss under these authorities is evaluated pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 836 n.1 (11th Cir. 2017) ("[T]he claim-splitting doctrine derives from the doctrine of res judicata. Since res judicata may be raised by way of a Rule 12(b)(6) motion to dismiss, so may the claim-splitting defense."); *Free Conferencing Corp. v. Sancom, Inc.*, No. 10-4133, 2011 WL 1486199, at *3 (D.S.D. Apr. 19, 2011) ("Under Rule 12(b)(6), a federal district court can dismiss an action if it is duplicative of another pending federal action.").

Leftwich's arrest, incarceration, and suicide on October 27 and 28, 2016. Both actions also pursue the same relief in seeking to hold the City, the County, and various employees thereof liable for Plaintiff's suicide. Therefore, *Leftwich II* should be dismissed as duplicative of *Leftwich I*.

Analyzing these actions under the rubric of claim-splitting leads to the same result. "Although related to res judicata, the judge-made prohibition against claim-splitting is slightly different from that well-known doctrine, in no small part because the application of res judicata depends on a final judgment in one action, whereas the defense of claim-splitting is made during the pendency of both related cases." *MacIntyre v. Lender Processing Servs., Inc.*, No. 12-1514 (PAM/SER), 2012 WL 4872678, at *2 (D. Minn. Oct. 15, 2012). To establish that res judicata bars a claim, the party seeking to invoke the doctrine must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). The first element is not relevant because claim-splitting does not involve a previous final judgment on the merits, but the "principles of res judicata illuminate the claim-splitting determination." *MacIntyre*, 2012 WL 4872678, at *2; *see also In re RFC and Res Cap Liquidating Trust Litig.*, No. 13-cv-3451 (SRN/HB), 2017 WL 3129748, at *6 (D. Minn. July 21, 2017) (explaining that the "[p]rinciples of res judicata apply, except the requirement of a final judgment").

Under the remaining elements, there is no dispute that there is a proper jurisdictional basis for *Leftwich I*. Both suits involve largely the same parties, and the additional Defendants added to *Leftwich II* are in privity with the Defendants in *Leftwich I*. *See, e.g.*, *Elbert v. Carter*, 903 F.3d 779, 782–84 (8th Cir. 2018) (finding that new police officer defendants were in privity with police officers who were defendants in previous action). Finally, the claims in both actions arise out of the same nucleus of operative facts. *See Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990) ("[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim."). *Leftwich II* therefore violates the rule against claim-splitting.

Finally, courts consider the following equitable factors in deciding whether to dismiss duplicative litigation: (1) conservation of judicial resources; (2) the comprehensive disposition of litigation; (3) the relative progress of the two actions; (4) whether a suit is filed for a vexatious, reactive, or tactical purpose; and (5) whether the forum in which the first case was filed adequately protects the rights of the litigants in the second case. *Ritchie*, 849 F. Supp. 2d at 890–91. These factors are applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

As discussed above, *Leftwich I* and *Leftwich II* arise out of the same nucleus of operative facts. Allowing two lawsuits to move forward instead of one would be a waste of judicial resources. This is especially true because *Leftwich I* was filed more than a year ago, on April 27, 2018, and has progressed significantly towards resolution. Discovery is over, dispositive motions are due to be filed on or before July 1, 2019, and the case will

8

be ready for trial on or about November 1, 2019. (*Leftwich I*, Doc. No. 44.) Dismissal of *Leftwich II*, as opposed to consolidating the two cases, would keep *Leftwich I* on track towards resolution and conserve judicial resources. Perhaps most importantly, the filing of *Leftwich II*—telegraphed by Plaintiff's counsel at the hearing on the motion to amend in *Leftwich I*—was tactical and a clear attempt to expand Plaintiff's procedural rights. *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (stating that when there are "two possibly duplicative actions" on the court's docket, "consolidation may well be the most administratively efficient procedure" provided that the court "carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed").

    Plaintiff argues that Defendants' refusal to agree to consolidation should judicially estop Defendants from asserting a claim-splitting defense. (Doc. No. 30, Pl.'s Mem. 11–12.) Defendants are not, however, arguing that the two actions are too different to support consolidation. Instead, Defendants oppose consolidation on the grounds that *Leftwich II* is duplicative of *Leftwich I*, and Plaintiff brought *Leftwich II* to circumvent the deadline to amend pleadings in *Leftwich I*. In other words, Defendants oppose consolidation for the same reasons that support their motion to dismiss: that the cases should not be consolidated because *Leftwich II* should be dismissed. This is a valid, non-estopped justification to oppose consolidation. *See, e.g.*, *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 985 F.2d 27, 31 (1st Cir. 1993) ("[W]hen a plaintiff has chosen to bring two lawsuits in the same time frame relating to the same operative facts, it is hard to see why

9

the defendant should not be able to resist consolidation on proper grounds, such as undue delay.").

Plaintiff also argues that instead of dismissal, and if the Court is not inclined to consolidate, the Court should stay *Leftwich II* pending the outcome of *Leftwich I*. (Pl.'s Mem. 13–20.) Plaintiff cites statute of limitations concerns, especially with respect to his claims against the additional Defendants he named in *Leftwich II*. But if Plaintiff had acted diligently within the confines of the *Leftwich I* Scheduling Order, these claims could have been added in *Leftwich I*. Once again, the Court should not sanction Plaintiff's attempt to expand his procedural rights with respect to his claims in this matter. "The court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints and demand for trial by jury." *ecoNugenics, Inc. v. Bioenergy Life Science, Inc., et al.*, Case No. 17-cv-5378 (JNE/DTS), slip op. at 3–4 (D. Minn. Oct. 29, 2018) (quoting *Walton*, 563 F.2d at 71); *id.* at 4 (order striking amended complaint in second of two consolidated cases because when the second case was filed, plaintiff "could not amend its complaint" in the first case "as a matter of course"); *see also Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985).

Finally, Plaintiff argues that "fundamental requirements of Due Process demand that Plaintiff receive an opportunity to be heard 'at a meaningful time and in a meaningful manner' on the non-duplicative defendants and claims asserted in this action." (Pl.'s Mem. 21 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).) Once again, and for the reasons previously stated, Plaintiff had every opportunity to fully

exhaust all potential claims related to this incident in *Leftwich I*. Plaintiff received due process under the procedures set forth in the *Leftwich I* Pretrial Scheduling Order. *See, e.g.*, *Elbert*, 903 F.3d at 784 ("The question here is not whether [plaintiff] is entitled to the time-honored tradition of his own day in court, but whether he gets a second bite at the apple."); *Gahr v. Trammel*, 796 F.2d 1063, 1070 (8th Cir. 1986) (explaining that a party receives a "full and fair opportunity" to litigate his claims if "the party could have brought the claims in a proceeding that would satisfy the minimal procedural requirements of the due process clause").

For these reasons, Defendants' motion to dismiss should be granted.

### B.     Motion to Consolidate

Plaintiff's motion to consolidate *Leftwich I* and *Leftwich II* is denied in light of this Court's Recommendation that *Leftwich II* should be dismissed. Plaintiff's alternative request to amend the Pretrial Scheduling Order to extend the time to amend his complaint is denied for the same reasons set forth in the Court's Order denying Plaintiff's Motion to Amend Scheduling Order to Extend Time to Amend Complaint. (*See Leftwich I*, Doc. No. 82.)

### RECOMMENDATION

Based on the parties' submissions, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Defendants' Joint Motion to Dismiss (Case No. 19-cv-393, Doc. No. 11) be **GRANTED**; and

2. Plaintiff's Motion to Consolidate, or in the Alternative, to Amend (Doc. No. 61) be **DENIED**.

Dated: May 29, 2019            *s/ Becky R. Thorson*_____
                               BECKY R. THORSON
                               United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).