## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Leroy Leftwich, trustee for the next of kin of Cameron Leftwich, | Court File No.: 18-CV-1144 (JNE/BRT) |
| Plaintiff, | |
| v. | **DAKOTA COUNTY'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS** |
| County of Dakota, Caleb Kocher, Kent Themmes, Cody Swanson, City of Eagan, Jennifer Wegner, Brian Rundquist, and Brian Renzy, | |
| Defendants. | |

## INTRODUCTION

The Court entered judgment against Leroy Leftwich, trustee for the next of kin of Cameron Leftwich ("**Plaintiff**"), in favor of County of Dakota, Caleb Kocher, Kent Themmes, and Cody Swanson, (collectively "**the County**") on April 17, 2020. By and through its bill of costs served and filed contemporaneously herewith, the County seeks to tax costs against Plaintiff for deposition transcripts. Because the parties used each deposition transcripts that the County seeks to tax, the Clerk should tax the same. The total amount that the Clerk should tax is $3,949.40.

## ARGUMENT

### I.  THE CLERK SHOULD TAX $3,949.40 IN COSTS AGAINST PLAINTIFF AND IN FAVOR OF THE COUNTY.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1]  There is "a strong presumption that the prevailing party will recover costs … ."[2] The costs that a prevailing party may tax are those enumerated by 28 U.S.C. § 1920.[3]

The afore-mentioned United States Code allows the prevailing party to tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[4]  Deposition transcripts that any of the parties (1) used in a court proceeding; or (2) that were reasonably necessary at the time they were taken are taxable.[5]  Parties need not use deposition transcripts at trial for them to be taxable; using them on substantive motions, such as summary

---

[1] Fed. R. Civ. P. 54(d)(1) (2020).

[2] Moore's Federal Practice, § 54.101(1)(a).

[3] *See Shimek v. Michael Weinig AG*, 99–2015 JRTFLN, 2003 WL 328038, \*1 (D. Minn. Feb. 10 2003) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

[4] 28 U.S.C. § 1920(2).

[5] *See Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994).

judgment, is sufficient.[6]  Here, the parties used the transcripts from all of the

deponents  in support of or in response to summary judgment.  The County

used the deposition transcripts each of the deponents, except Jennifer Gitz, in

support of its motion for summary judgment.[7]  Plaintiff, however, used Ms.

Gitz's deposition transcript in support of his motion for summary judgment.[8]

Because the parties used each of the transcripts in support of the various

motions for summary judgment, the transcripts are taxable.

## CONCLUSION

The County paid $3,949.40 in for the various transcripts in this case.

The parties used each of the transcripts in their various motions for summary

judgment, so the Clerk should tax those costs against Plaintiff and in favor of

the County.

---

[6] *Shukh v. Seagate Tech., LLC*, No. CIV. 10-404 JRT/JJK, 2014 WL 4348199, at *5 (D. Minn. Sept. 2, 2014), *vacated and remanded on other grounds,* 618 F. App'x 678 (Fed. Cir. 2015) (citing *Youssef v. FBI,* 762 F.Supp.2d 76, 86 (D.D.C.2001)).

[7](Doc. 137 at ¶¶ 2, 3, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20.)

[8](Doc. 166 at ¶ 21.)

Dated:  April 30, 2020

**JAMES C. BACKSTROM**
**DAKOTA COUNTY ATTORNEY**


By:/s/William M. Topka
    William M. Topka (#0339003)
Assistant County Attorney
1560 Highway 55
Hastings, Minnesota 55033
(651) 438-4438
william.topka@co.dakota.mn.us

*Attorneys for Dakota County*